IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CINDI R. SANDVICK,

                                                ORDER

           Plaintiff,

                                                12-cv-434-bbc

    v.

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Cindi Sandvick filed this case in the Circuit Court for La Crosse County, Wisconsin against defendant American National Property and Casualty Company for underinsured motorist benefits. Defendant removed the case to this court under 28 U.S.C. §§ 1441 and 1446, relying on 28 U.S.C. § 1332 as a basis for jurisdiction. That statute requires complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. Plaintiff's complaint and defendants' notice of removal contain allegations sufficient to satisfy the amount in controversy requirement. Dkt. #1 at 11. Unfortunately, defendants have not alleged facts sufficient to show that the parties' citizenship is completely diverse.

      Defendant alleges that it is a Missouri corporation with a principal place of business in Missouri. These allegations are sufficient to establish defendant's citizenship. <u>Pastor v. StateFarm Mutual Automobile Insurance Co.</u>, 487 F.3d 1042, 1047-48 (7th Cir. 2007)

(corporation is citizen of its state of incorporation and state where its principal place of business is located). However, with respect to plaintiff, defendant alleges only that plaintiff is "an individual residing in the state of Wisconsin" with an address in Wisconsin. Dkt. #1 at 2. The complaint contains the same allegations regarding plaintiff's "residency," as do the parties' proposed findings of fact submitted with their recent summary judgment filings. Dkt. #9 at ¶ 3; dkt. #13 at ¶ 1. However, it is the citizenship, not the residency, of an individual person that matters for diversity jurisdiction purposes. Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012) (notice of removal asserting that plaintiff was "'resident' of Massachusetts and therefore a 'citizen' of that state" was insufficient for diversity jurisdiction purposes); Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona—an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges."); Meyerson v. Harrah's East Chicago Casino, 299 F .3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Defendant must provide evidence of plaintiff's domicile.

As the proponents of federal jurisdiction, it is defendants' burden to show that the parties are citizens of different states and that more than $75,000 is in controversy. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir.

2009). Accordingly, I will give defendants an opportunity to file supplemental materials that establish the parties' citizenship. 28 U.S.C. § 1653 (defective jurisdictional allegations may be cured).

ORDER

IT IS ORDERED that defendant American National Property and Casualty Company may have until June 25, 2013, in which to file supplemental materials showing that subject matter jurisdiction is present under 28 U.S.C. § 1332. Failure to do so will result in remand of this case for lack of subject matter jurisdiction.

Entered this 18th day of June, 2013.

BY THE COURT:<br>
/s/<br>
BARBARA B. CRABB<br>
District Judge