IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CINDI R. SANDVICK,

                                                      OPINION and ORDER

              Plaintiff,

                                                      12-cv-434-bbc

      v.

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief, plaintiff Cindi Sandvick is seeking underinsured motorist benefits from defendant American National Property and Casualty Company for injuries she sustained in a motorcycle accident.  Defendant denied plaintiff's claim for coverage on the ground that her policy excluded underinsured motorist benefits under the circumstances.  In particular, because plaintiff's husband owned and was operating the motorcycle at the time of the accident, the motorcycle did not fit the definition of an "underinsured motor vehicle" and coverage was excluded other the policy's "drive other car" provision.  Plaintiff contends that the policy's exclusions are illegal and should be voided for public policy reasons.  Jurisdiction is present under 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000 and there is diversity of citizenship between plaintiff (a citizen of Wisconsin) and defendant (a Missouri corporation with its principal place of business in Missouri).

1

Now before the court are the parties' cross motions for summary judgment.  Dkt. ##8, 12.  I conclude that plaintiff is not entitled to underinsured motorist benefits under the plain language of the insurance policy at issue.  Additionally, I conclude that the policy exclusions relevant to this dispute are not illegal or void as against public policy.  Therefore, I am granting defendant's motion for summary judgment and denying plaintiff's motion.

UNDISPUTED FACTS

The coverage dispute arises from a motorcycle accident that occurred on May 16, 2009, when plaintiff was riding as a passenger on a 2005 Harley Davidson motorcycle owned and driven by her husband, David Sandvick.  Plaintiff and her husband were entering a sharp curve on a Wisconsin state highway near the town of Genoa, in Vernon County, Wisconsin, when the motorcycle slid on gravel on the roadway, causing David Sandvick to lose control of the motorcycle, enter a ditch and crash.  Plaintiff and her husband were thrown from the motorcycle after it entered the ditch and, as a result of the incident, plaintiff was rendered paraplegic.

At the time of the accident, David Sandvick and the 2005 Harley Davidson motorcycle were insured under an insurance policy issued by Progressive Insurance Company.  The Progressive policy carried bodily injury liability limits of insurance of $100,000 per person and $300,000 per accident, and underinsured motorist limits of $100,000 per person and $300,000 per accident.  Progressive Policy, dkt. #11-2.

Plaintiff was not listed on the policy.  She was listed as a named insured under a

policy issued to her and her husband by defendant American National Property and Casualty Company.   The policy, No. 48-A-579-48H-8, provided, among other coverages, underinsured motorist coverage in the amount of $250,000 per person and $500,000 per occurrence "for which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle."  Policy, dkt. #11-1, at 10.  The policy defined "underinsured motor vehicle" as "a motor vehicle, the ownership, maintenance, or use of which is:"

> (a) insured by a bodily injury liability bond or policy at the time of the accident; and
>
> (b) whose limits of liability for bodily injury liability are less than the limits of liability for Underinsured Motorist Coverage under this policy.

Id. at 11.  Under the policy, "underinsured motor vehicle" did not include a vehicle "(a) insured under the Liability Coverage of this policy, [or] (b) owned by or furnished or available for the regular use of you or a relative."  Id.  Additionally, the "exclusions" section to the underinsured motorist coverage contained a "drive other car" exclusion, which excludes from coverage, among other things, "bodily injury sustained by a person while occupying a motor vehicle owned by you or a relative for which insurance is not afforded under this Coverage, or through being struck by the motor vehicle."  Id.

Following the accident, plaintiff presented a claim for bodily injury to Progressive Insurance.  Progressive tendered its bodily injury limits of $100,000 to plaintiff on behalf of its insured, plaintiff's husband, David Sandvick.  Plaintiff then sought coverage from defendant.  Defendant denied coverage, responding with a letter to plaintiff's counsel

outlining reasons why it believed there was no coverage under plaintiff's insurance policy for claims resulting from the motorcycle incident.

After further communication between the parties, plaintiff filed suit, contending that she is entitled to underinsured motorist coverage under her policy with defendant.  Plaintiff also asserted claims for misrepresentation, bad faith, violation of Wis. Stat. § 628.46 and punitive damages resulting from defendant's denial of her claim for coverage.  Defendant denies the claims, contending that under plaintiff's insurance policy, vehicles owned or available for the regular use of an insured are not included in the definition of underinsured motor vehicle.  In addition, the policy excludes from coverage owned and non-covered vehicles.


OPINION

The issue before the court is whether plaintiff is entitled to underinsured motorist covered under the policy she purchased from defendant for injuries she sustained in the motorcycle accident with her husband.  Under Wisconsin law, courts interpreting an insurance policy are to give the policy's words their common, ordinary meaning, that is, what a reasonable person in the position of the insured would have understood the words to mean.  Aul v. Golden Rule Insurance Co., 2007 WI App 165, ¶ 17, 304 Wis. 2d 227, 737 N.W.2d 24; Van Erden v. Sobczak, 2004 WI App 40, ¶ 22, 271 Wis. 2d 163, 677 N.W.2d 718.  If the policy terms are clear, courts should interpret the policy as written and avoid writing a better insurance policy than the one purchased.  Hirschhorn v. Auto-Owners Insurance

4

Co., 2012 WI 20, ¶ 24, 338 Wis. 2d 761, 773, 809 N.W.2d 529; Peace ex rel. Learner v. Northwestern National Insurance Co., 228 Wis. 2d 106, 121, 596 N.W.2d 429 (1999) ("[T]his principle does not allow a court to eviscerate an exclusion that is clear from the face of the insurance policy.")  However, when an ambiguity exists within an insurance contract, courts should construe the policy in favor of the insured, that is, in favor of coverage. Hirschhorn, 2012 WI 20, at ¶ 23.  The test for ambiguity under Wisconsin law is whether the words or phrases at issue are "reasonably susceptible of more than one construction from the viewpoint of a reasonable person of ordinary intelligence in the position of the insured." Schroeder v. Blue Cross & Blue Shield, 153 Wis. 2d 165, 174, 450 N.W.2d 470 (1989).

Applying these principles to the present case, I conclude that a reasonable person in the insured's position would understand that no coverage exists for the damages sought by plaintiff.  Plaintiff's claim is expressly foreclosed by two provisions in the policy she purchased from defendant: the policy's definition of "underinsured motor vehicle" and the policy's "drive other car" exclusion.

Under the policy, the definition of "underinsured motor vehicle" does not include any vehicle "(a) insured under the Liability Coverage of this policy, [or] (b) owned by or furnished or available for the regular use of you or a relative." Dkt. #11-1 at 11.  The 2005 Harley Davidson motorcycle is not an underinsured motor vehicle under the policy because it was owned by plaintiff's husband David Sandvick, and available for his regular use. Because the motorcycle does not qualify as an "underinsured motor vehicle," plaintiff cannot receive underinsured motorist benefits.  Under the policy's "drive other car" exclusion,

5

plaintiff is not entitled to benefits because her underinsured motorist coverage does not

cover "bodily injury sustained by a person while occupying a motor vehicle owned by [the

insured] or a relative for which insurance is not afforded under this Coverage, or through

being struck by the motor vehicle . . . ."  Id. at 11.  Such "drive other car" exclusions are

expressly authorized in the Wisconsin statutes addressing insurance requirements.   In

particular, Wis. Stat. § 632.32(5)(j) states that,

> A policy may provide that any coverage under the policy does not apply to a
> loss resulting from the use of a motor vehicle that meets all of the following
> conditions:
>
> 1.  Is owned by the named insured, or is owned by the named insured's spouse
> or a relative of the named insured if the spouse or relative resides in the same
> household as the named insured.
>
> 2.  Is not described in the policy under which the claim is made.
>
> 3.  Is not covered under the terms of the policy as a newly acquired or
> replacement motor vehicle.

Id. § 632.32(5)(j).  This provision makes it clear that "drive other car" exclusions in

insurance policies are valid.  Under the exclusion in this case, plaintiff is not entitled to

coverage because her husband owned the motorcycle involved in the accident.

Wisconsin case law also supports a denial of coverage.  In Koshiol v. American Family

Mutual Insurance Co., 171 Wis. 2d 192, 491 N.W.2d 776 (Ct. App. 1992), the Wisconsin

Court of Appeals considered facts and arguments similar to those in this case.  The plaintiff

had been a passenger in a vehicle driven by her husband and was injured in an automobile

accident caused by his negligence.  Id. at 194.  At the time of the accident, the couple owned

two cars, each insured by separate policies.  After the liability limits were exhausted on the

6

policy covering the vehicle involved in the accident, the plaintiff sought to recover underinsured motorist benefit coverage under another policy.  Id.  The insurer denied the claim on the basis of a definition of "underinsured vehicle" and a "drive other car" exclusion nearly identical to the provisions at issue in this case.  The court of appeals concluded that no underinsured motorist coverage existed for the plaintiff, rejecting her arguments that the policy provisions were invalid as contrary to public policy.  Id.  See also Nischke v. Aetna Health Plans, 2008 WI App 190, ¶ 1, 314 Wis. 2d 774, 776, 763 N.W.2d 554 (holding that nearly identical "drive other car" exclusion barred coverage for plaintiff who was driving her mother-in-law's vehicle at time of accident); Vieau v. American Family Mutual Insurance Co., 2005 WI App 34, ¶¶ 12-13, 278 Wis. 2d 683, 694-95, 693 N.W.2d 127 (holding that identical definition of "underinsured vehicle" precluded coverage under circumstances in which vehicle involved in accident was owned by insured).  Plaintiff's attempt to distinguish these cases is not persuasive.

Plaintiff argues that even if the plain language of the policy precludes coverage, both the definition of "underinsured motor vehicle" and the stated exclusion in the policy are invalid and unenforceable as matters of public policy.  First, she contends that Wis. Stat. § 632.32(6) sets forth a public policy prohibiting both the defendant's definition of "underinsured motor vehicle" and the "drive other car" exclusion in the insurance policy. That statutory provision states:  "No policy may exclude from the coverage afforded or benefits provided . . . [p]ersons related by blood, marriage or adoption to the insured . . . [or] [a]ny person who is a named insured or passenger in the insured vehicle, with respect to

7

bodily injury, sickness or disease . . . ." Wis. Stat. § 632.32(6)(b).  Plaintiff argues that the exclusions in defendant's insurance policy violate § 632.32(6) because they have the effect of precluding coverage on the basis of her marriage.

Plaintiff's argument fails to adequately address the other relevant provisions of § 632.32, including § 632.32(5)(j) which, as discussed above, expressly authorizes "drive other car" exclusions.  In addition, § 632.32(5)(e) explains that lawful exclusions in insurance policies "are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b)."  Wis. Stat. § 632.32(5)(e).  In other words, so long as the main purpose of the "underinsured motor vehicle" definition and the "drive other car" exclusion is not to exclude from coverage the named insured, passengers or relatives, the exclusions are valid under § 632.32(5)(e).

In this case, the primary purpose of the exclusions at issue was not to exclude relatives from coverage.  Rather, the purpose of the exclusions was to prevent insureds from converting less expensive underinsured motorist coverage into more expensive liability coverage.  The exclusions are based on the assumption that a car owned by the insured or relatives in the insured's household is likely to be used by the insured and thus, the insured should purchase liability insurance for that vehicle. This protects insurance companies from unknowingly insuring vehicles owned or used by the insured through an underinsured motorist policy for which the company receives lower premiums and protects the public by forcing insureds to purchase more liability insurance.  As applied in this case, the exclusions act to prevent plaintiff and her husband from converting $100,000 in liability coverage on

the motorcycle into less expensive $250,000 underinsured motorist coverage under plaintiff's and her husband's policy with defendant.  Koshiol, 171 Wis. 2d at 197-98, 491 N.W.2d at 778 (explaining that such exclusions in underinsured motorist policies are "practical portions of insurance policies" that prevent insureds from "carry[ing] low liability and high underinsured limits [to] protect the family against the negligence of its own members while leaving the public exposed due to the low liability limits").  See also Nischke, 2008 WI App 190, at ¶¶ 14-18 (rejecting plaintiff's argument that "drive other car" exclusion was contrary to Wis. Stat. § 632.32(6)); Vieau, 2005 WI App 34, at ¶ 13 (holding that limitational definition of "underinsured vehicle" was lawful because its primary person was not to exclude coverage for relatives, but to "prevent the insured from effectively raising liability coverage without paying a higher premium").

Plaintiff contends that even if the exclusions at issue are not barred by § 632.32(6), they violate the general public policy behind underinsured motorist coverage because they tie coverage to a vehicle, rather than to the insured person.  Plaintiff cites Wisconsin case law describing underinsured motorist coverage as "personal and portable" that "follows [the insured] wherever he may go, be it in an unowned vehicle, on a motorcycle, on a bicycle, whether afoot or on horseback or even on a pogo stick."  Teschendorf v. State Farm Insurance Companies, 2006 WI 89, ¶ 25, 293 Wis. 2d 123, 140, 717 N.W.2d 258 (citation omitted).  However, the "personal and portable" nature of underinsured motorist coverage does not trump "drive other car" exclusions that have been held to be valid and enforceable.  Nischke, 2008 WI App 190, at ¶ 18 (rejecting argument that "drive other car" exclusion was

9

invalid in light of "personal and portable" nature of underinsured motorist coverage).

Finally, plaintiff contends that application of the "drive other car" exclusion should be invalidated because it essentially penalizes her for being married. Plaintiff contends that application of the exclusion would produce an absurd result because the exclusion would not bar coverage if plaintiff had been riding her boyfriend's or her neighbor's motorcycle. However, such hypothetical situations as those proposed by plaintiff do not render a provision void against public policy. As the court explained when rejecting a similar argument in Nischke, "[i]t is irrelevant whether, had Nischke been a pedestrian struck by Barron, the 'drive other car' exclusion would not apply; it is always possible to imagine a set of facts where an exclusion is inapplicable, but we do not decide cases on hypothetical facts." Nischke, 2008 WI App 190, at ¶ 16. Further, the only case plaintiff cites on this point is Young v. West Bend Mutual Insurance Co., 2008 WI App 147, 314 Wis. 2d 246, 249, 758 N.W.2d 196, 197, but that case was not about the validity of a "drive other car" provision. Rather, the issue in that case was whether the plaintiff owned the vehicle within the meaning of the "drive other car" exclusion. Id. at ¶ 17. In fact, plaintiff cites no cases in which a court has invalidated a "drive other car" provision on the basis of public policy.

In sum, both the definition of "underinsured motor vehicle" and the "drive other car" exclusions support defendant's denial of coverage to plaintiff in this case. Neither exclusion violates public policy. Therefore, defendant is entitled to summary judgment with respect to plaintiff's claim that she is entitled to benefits. Further, because all of plaintiff's remaining claims are derivative of her claim that defendant improperly denied her benefits,

10

defendant is entitled to summary judgment on those claims as well.

ORDER

IT IS ORDERED that

1.  Defendant American National Property and Casualty Company's motion for summary judgment, dkt. #8, is GRANTED.

2.  Plaintiff Cindi R. Sandvick's motion for summary judgment, dkt. #12, is DENIED.

3.  The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 10th day of July, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

11